UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

SHALIK JENKINS,

                Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _4/14/2020_____

20 Cr. 78-4 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      Defendant, Shalik Jenkins, is detained at the Metropolitan Correctional Center ("MCC"), *see* Def. Letter at 1, ECF No. 91, awaiting trial on one count of racketeering conspiracy in violation of 18 U.S.C. § 1962, and one count of narcotics conspiracy alleging distribution of cocaine in violation of 21 U.S.C. § 841(b)(1)(C), crack cocaine in violation of 21 U.S.C. § 841(b)(1)(A), and marijuana in violation of 21 U.S.C. § 841(b)(1)(D), *see* Indictment, ECF No. 1. Now before the Court is Defendant's request that he be: (1) transferred from federal to state custody, specifically to Groveland Correctional Facility ("Groveland"), Def. Letter at 1, and (2) provided one 45-minute telephone call per week with his attorney at a prearranged time, Def. Reply at 5, ECF No. 96. For the reasons stated below, Defendant's motion is GRANTED in part and DENIED in part.

      On February 13, 2020, Defendant was transferred into the custody of the Federal Bureau of Prisons ("BOP") pursuant to a writ of habeas corpus *ad prosequendum*, in order to answer the charges in this case. Def. Letter at 1; *see* ECF No. 42. At the time of his transfer, Defendant was serving a 12-month sentence at Groveland for a parole violation in a New York State case, and had completed two days of the 90-day ALT90 program at Groveland, which, upon completion, would likely result in the reduction of his parole violation sentence. Def. Letter at 1. Defendant now moves for transfer back to Groveland in order to complete the ALT90 program. *Id.* at 1–2. He requests, in the alternative, that the Court direct the BOP and the MCC to provide weekly, pre-scheduled phone calls with counsel. *Id.* at 2–3; *see also* Def. Reply at 3–5.

      At this time, Defendant's request for transfer to Groveland is DENIED. *Cf. Ponzi v. Fessenden*, 258 U.S. 254, 260 (1922) ("One accused of crime . . . may not complain if one sovereignty waives its strict right to exclusive custody of him for vindication of its laws in order that the other may also subject him to conviction of crime against it.").

      However, Defendant's request for a prearranged telephone call with counsel, once a week, is different. The Court is deeply concerned that Defendant's Sixth Amendment rights may be undermined during his pretrial detention at the MCC. In-person attorney-client visits at the MCC have been disrupted during the COVID-19 pandemic, *see* ECF No. 66 at 9, and telephone calls have now become a lesser substitute. The Government has not articulated, with any specificity, why the basic provision of a predictable legal call on a weekly basis is beyond the MCC's capacity. *See generally* Gov't Letter, ECF No. 95.

The COVID-19 pandemic has now been a reality for weeks, and although the Court appreciates the challenges facing the BOP, the present arrangement cannot continue indefinitely for those in custody. Defense counsel reports being able to speak with his client only in 15-minute slots, and at haphazard times. *See* Def. Letter at 5; Def. Reply at 5. That is not adequate to satisfy Defendant's right to counsel, especially as this pandemic stretches into additional weeks or, possibly, months. *Benjamin v. Fraser*, 264 F.3d 175, 185 (2d Cir. 2001) ("[I]n the context of the right to counsel, unreasonable interference with the accused person's ability to consult counsel is itself an impairment of the right."); *cf. Federal Defenders of New York v. Bureau of Prisons*, No. 19-1778, 2020 WL 1320086, at *11 (2d Cir. Mar. 20, 2020) ("The right to consult with legal counsel about being released on bond, entering a plea, negotiating and accepting a plea agreement, going to trial, testifying at trial, locating trial witnesses, and other decisions confronting the detained suspect, whose innocence is presumed, is a right inextricably linked to the legitimacy of our criminal justice system."); *United States v. Brown*, 20 Cr. 12, ECF No. 13 at 3 (S.D.N.Y. Apr. 2, 2020) ("The Court also orders the MCC to provide [the defendant] with at least one legal call per week for the next three weeks . . . .").

Accordingly, Defendant's motion is GRANTED to the extent that the BOP and the MCC are directed to provide Defendant with a prearranged legal call with counsel of 45 minutes, once a week, until further order of the Court.

The Clerk of Court is directed to terminate the motion at ECF Nos. 85 and 91.

SO ORDERED.

Dated: April 14, 2020
  New York, New York

_____
ANALISA TORRES
United States District Judge