USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _10/1/2021_

# JAMES E. NEUMAN, P.C

Attorney at Law
100 Lafayette Street – Suite 501
New York, New York 10013

TEL 212-966-5612
FAX 646-651-4559
www.jamesneuman.com
james@jamesneuman.com

September 24, 2021

BY ECF
Hon. Analisa Torres
United States District Judge
United States Courthouse
40 Foley Square
New York, NY 10007

Re: *United States v Shalik Jenkins,* 20 Cr. 78 (AT)

Your Honor:

I represent Shalik Jenkins in the referenced case and write to request a modification of the conditions of his release. Specifically, we ask that the condition of home confinement with electronic monitoring be removed. The government opposes this application.[1] Pretrial services takes no position.

As you may recall, in January, 2020, Mr. Jenkins and ten other defendants were charged in a multi-count indictment. Mr. Jenkins was named in two counts: Count Two (racketeering conspiracy) and Count Nine ( narcotics conspiracy). In March, 2021, the government agreed that Mr. Jenkins could be released on an unsecured bond of $50,000, on the condition that he be subject to home confinement, with electronic monitoring. Around the same time, the government submitted a letter to this Court indicating that, because a cooperating witness had breached a cooperation agreement, certain charges against certain defendants would not be pursued. Regarding Mr. Jenkins, the government said it had decided not to proceed on the narcotics charge. Further, the letter stated "the Government is evaluating whether there is sufficient evidence to proceed at all with respect to the Defendant Shalik Jenkins." *See,* Dkt Entry 196.

---

[1] AUSA Andrew Chan informed me that I should indicate that the government does not plan to file any opposition papers.

Since his release, Mr. Jenkins has been working regularly as a landscaper with the Department of Transportation. Although his job requires working at different locations, he generally is required to leave his home in Mount Vernon at around 6 am, so that he can work between the hours of 7 am and 3:30 p.m. He typically returns home by 5 pm. He lives with his fiancee and his 13-year old step-son.

Pretrial Services Office Mohammed Ahmed has informed me that Mr. Jenkins has been in full compliance with all conditions of his release by reporting regularly, maintaining employment, and otherwise being fully cooperative with his office. Nevertheless pretrial services declines to take a position on this application in view of the government's opposition.

In view of Mr. Jenkins' history of compliance and employment since being released, the condition of home confinement with electronic monitoring appears to be unnecessary. Accordingly, we ask that this Court remove that condition.

Respectfully submitted,

_____s/s_____
James E. Neuman

DENIED.

SO ORDERED.

Dated: October 1, 2021
       New York, New York

_____
ANALISA TORRES
United States District Judge

-2-